IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-CV-48-RLV-DSC

| | |
|---|---|
| DELTA HOLDINGS, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF BOONE, et. al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Petitioner's "Motion to Remand" (document #6), and the parties' associated briefs and exhibits. See documents ## 6-1, 8, and 8-1. Petitioner has not filed a reply and the time for filing a reply brief has expired.

Petitioner commenced this action in Watauga County Superior Court on February 21, 2012, with a Petition for Writ of Certiorari against Respondents the Town of Boone and the Town of Boone Board of Adjustment. Petitioner seeks declaratory, injunctive and other relief arising out of zoning enforcement decisions made by Respondents. Taking the facts alleged as true, Respondents issued a citation to Petitioner charging that its operation of a concrete plant at a particular location violated the Town's Unified Development Ordinance ("UDO"). Following six days of hearings, the Board of Adjustment concluded that the concrete plant violated the UDO.

Petitioner asserts that Respondents violated its rights to due process and equal protection of the law arising under the United States Constitution. Petitioner's Prayer for Relief asks "[t]hat

1

the Court declare that the Petitioner's federal . . . constitutional rights of due process and equal protection of the law have been violated." Petitioner seeks an order allowing it to operate its concrete plant.

On March 25, 2013, Respondents removed this case to the United States District Court for the Western District of North Carolina alleging the existence of federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(b).

On April 5, 2012, Petitioner filed its Motion to Remand. Petitioner contends generally that federal question jurisdiction is not implicated by its Petition.

The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond,

Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case to federal district court if the court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction in every civil action that "arises under the Constitution, laws, or treaties of the United States." "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted). Removal from state court is available if the face of the complaint raises a federal question that could have been the basis for an action in federal court originally. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).

It is well settled that a lawsuit challenging a zoning decision by a local board of adjustment may give rise to federal question jurisdiction. See, e.g., Tri County Paving, Inc. v. Ashe County, 281 F.3d 430 (4th Cir. 2002), A T & T Wireless PCS, Inc. v. Winston-Salem

Zoning Board of Adjustment, 172 F.3d 307 (4th Cir. 1999), Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634 (4th Cir. 1999), cert. denied, 534 U.S. 1113 (2002), G. T. Scott v. Greenville County, et al., 716 F2d 1409 (4th Cir. 1983), Hyatt v. Town of Lake Lure, et al., 225 F. Supp. 2d 647 (W.D.N.C. 2002).

Here, the Petition expressly seeks a determination of Petitioner's federal constitutional rights and an order vindicating those rights. Respondents have met their burden of establishing that Petitioner is seeking relief under the United States Constitution. Accordingly, subject matter jurisdiction exists and Petitioner's Motion to Remand should be denied.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Petitioner's "Motion to Remand" (document #6) be **DENIED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells,

109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED.**

Signed: May 6, 2013

David S. Cayer
United States Magistrate Judge