IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-00048-RLV-DSC

| | |
|---|---|
| DELTA HOLDINGS, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TOWN OF BOONE AND TOWN OF ) | |
| BOONE BOARD OF ADJUSTMENT, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Before the Court is a Motion to Dismiss (Doc. 16) and Motion for Default Judgment (Doc. 19) filed by the Town of Boone and Town of Boone Board of Adjustment (collectively "Boone").

Delta Holdings, LLC ("Delta") instituted the instant action in the Superior Court of Watauga County, North Carolina. (Doc. 1). Boone removed on the basis of federal question jurisdiction. (Doc. 1).

Judge Cayer granted Nathan A. Miller's Motion to Withdraw as Counsel of Record on July 25, 2013, which left Delta without an attorney of record. (Doc. 12). The Order "warn[ed] the corporate Petitioner that it must immediately retain substitute counsel." (Doc. 12, at 1). The warning provided that without counsel, Delta's petition could be dismissed and default judgment could be entered. (Doc. 12). The Order required Delta to "secure replacement counsel, who shall file an entry of appearance within fourteen (14) days of the date of this Order." (Doc. 12, at 2). By text-order, Judge Cayer granted Delta an additional ten days from August 19, 2013 to secure replacement counsel. After the ten days, and in compliance with the Order granting the Motion to Withdraw, Boone filed its Motion to Dismiss. (Doc. 12).

Boone filed a Motion for Default Judgment (Doc. 19), without first filing a Motion for Entry of Default. However, Boone then filed its Motion for Entry of Default (Doc. 23) which the Clerk entered on September 20, 2013, (Doc. 25).

## **ORDER GRANTING INVOLUNTARY DISMISSAL**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Given that "dismissal is such a harsh sanction . . . it 'should be resorted to only in extreme cases." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) (quoting *Dynotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146, 149 (3d Cir. 1968)). A district court must consider three factors when deciding whether dismissal is appropriate. *Id.* First, a court should consider the degree of personal responsibility of the plaintiff. *Id.* Second, the prejudice to the defendant caused by the delay should be considered. *Id.* Third, the court should consider whether the record shows "a drawn out history" of "deliberately proceeding in a dilatory fashion" and whether the trial court has considered sanctions less drastic than dismissal. *Id.*

All three factors articulated in *McCargo* are present here. Although Delta is currently *pro se*, its responsibility is still great. By Order, this Court required Delta to exercise that responsibility in the appropriate manner by hiring an attorney. In fact, the Court warned Delta that its action could be dismissed if it did not comply. The dilatory history is shown by the fact that Delta was given an extension of time, yet still failed to produce an attorney. While the Court notes that there may be some degree of prejudice for Boone to litigate against a *pro se* party, the Court finds that it is not undue. However, the Order was straightforward and Delta failed to comply with it, despite receiving a second chance. The failure of Delta to heed the words of caution contained in this Court's Order requires the extraordinary sanction of dismissal to be

used in this case.  Accordingly, it is ORDERED that all claims against Town of Boone and Town of Boone Board Of Adjustment are dismissed with prejudice.

## ORDER REMANDING TO STATE COURT

"A district court's decision whether to exercise [supplemental jurisdiction] after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  28 U.S.C. § 1367(c) provides that a court may decline supplemental jurisdiction over a claim if:

> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, the Court finds that the factors weigh in favor of remanding the remaining claims to state court.

The Court finds that the parties will not be unduly inconvenienced by litigating the remaining claims in state court.  The Court has excised the only federal claim.  Remand is also appropriate because litigation is in its early stages.

Considerations of comity and federal policy also favor remand.  "Federal courts are courts of limited jurisdiction." *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 584 (4th Cir. 2012).  Upon removal, this case was overwhelmingly predominated by the state law petition for writ of certiorari related to the town of Boone Board

of Adjustment's decision regarding a grand-fathered non-conforming use.  Having dismissed the entirety of Delta's claims, including the only federal claim, the Court finds scant federal interest in interpreting and potentially enforcing local zoning laws.

Accordingly, the Court will divest itself of jurisdiction which will favor judicial economy.  The remaining claim for injunctive relief is better suited to the determination of the Superior Court as it has expertise in the matter.

IT IS ORDERED, THEREFORE, that:

(1) Town of Boone and Town of Boone Board of Adjustment's Motion to Dismiss (Doc. 16) be **GRANTED**;

(2) The case be **REMANDED** to the Watauga County General Court of Justice, Superior Court Division under 28 U.S.C. § 1367(c);

(3) Town of Boone and Town of Boone Board of Adjustment's Motion for Default Judgment (Doc. 19) be **DEFERRED** for consideration by the state court upon remand.

Signed: September 23, 2014

Richard L. Voorhees
United States District Judge